**Yosep RIHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–4533–AG.

United States Court of Appeals, Second Circuit.

March 30, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York; David C. James, Walter M. Norkin, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yosep Rihi, through counsel, petitions for review of the July 2005 order affirming an immigration judge's ("IJ") decision pretermitting his asylum application and denying his application for withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Because Rihi fails to challenge the IJ's and BIA's findings that his asylum application was untimely and that he did not establish past persecution, Rihi has waived these issues. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Additionally, substantial evidence supports the IJ's determination that Rihi failed to meet his burden to demonstrate eligibility for withholding of removal. The 2003 State Department reports indicated that the Indonesian Government recognized Protestantism and Catholicism as official religions, its Constitution provides for "all persons the right to worship according to his or her own religion or belief," the country had five Christian parties, respect for human rights improved in the provinces of Maluku, North Maluku, and Central Sulawesi, incidents of interreligious violence targeted both Muslims and Christians, and there were no reported religious prisoners. Based on these conditions, the IJ properly concluded that Rihi had not established it would be more likely than not that he would be subject to persecution due to his religion if he returned to Indonesia, and Rihi's personal history and background materials did not suggest otherwise. Furthermore, the IJ appropriately indicated that the fact that Rihi's family members, who continue to reside in Indonesia as practicing Christians, did not report incidents of persecution, undermined Rihi's claim. *See In Re A–M–,* 23 I & N Dec. 737, 740–41, 2005 WL 1123283 (BIA 2005).[1]

For the foregoing reasons, the petition for review is DENIED.

---

**1.** We note that Board Member Pauley, in affirming the IJ's decision on the BIA's behalf, appears to have confused this case with some other case. Mr. Pauley writes that Rihi "failed to establish that he … has a well-founded fear of persecution on a ground protected under the Immigration and Naturalization;" he gives no explanation for this finding, and in fact the finding conflicts with the IJ's finding that Rihi, whose testimony she credited, "probably" has met his burden of establishing eligibility of asylum but had not met the higher (more likely than not) standard under the withholding provision. We nonetheless affirm here in light of the clear-cut facts and law against Rihi, which leave no doubt as to how this case would be decided on remand. However, we caution the BIA that the "streamlined" procedure for summary affirmance, which we have upheld against a per se constitutional challenge, *see Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158–59 (2d Cir.2004) satisfies due process only so long as it reflects individualized consideration of each case.